UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA D. WORKMAN, *as the Personal Representative of the* ESTATE OF ALAN E. WORKMAN,

    PLAINTIFF,

v.

CASE NO. _____

UNITED STATES OF AMERICA,

    DEFENDANT.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW the Plaintiff, Samantha D. Workman, *as the Personal Representative of the Estate of* Alan E. Workman (hereinafter "Workman"), by and through her undersigned legal counsel, and hereby files her Complaint for Damages under the Federal Tort Claims Act against the Defendant, United States of America, states as follows:

### INTRODUCTION

1.     This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Alan Workman by the Department of Veterans Affairs at the C.W. Bill Young VA Medical Center, and the James A. Haley Veterans' Hospital.

2.     The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff Workman has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 attached as <u>Exhibit A</u>.*

4. This suit has been timely filed, in that Plaintiff Workman timely served notice of her claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Plaintiff Workman is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veterans Affairs' June 30, 2017 notice of "final denial." *Administrative Tort Claim Denial Letter attached as <u>Exhibit B.</u>*

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Workman is, and at all times relevant hereto was, a resident of Pinellas County, Florida.

7. Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Centers located at 10000 Bay Pines Boulevard, Bay Pines, Florida 33744; and at 13000 Bruce B. Downs Boulevard, Tampa, Florida 33612.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the C.W. Bill Young VA Medical Center and at the James A. Haley Veterans' Hospital are hereinafter collectively referred to as "VA Medical Center."

9. At all times relevant to this Complaint, the VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries, as providers of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Middle District of Florida.

## FACTUAL ALLEGATIONS

13. On or about July 20, 2012, Alan Workman went to the C.W. Bill Young VA Medical Center with complaints of his vision going completely black, and his speech and handwriting becoming compromised. He was admitted for a neurological assessment.

14. On or about July 23, 2012, electrodiagnostic testing was done on Alan Workman's muscular system. He was discharged that day, and instructed to follow up with the neurology department.

15. On or about August 6, 2012, Alan Workman was seen in the C.W. Bill Young VA Medical Center neurology department by Dr. Angel Cruz, MD, who referred him through the VA to Dr. Blesila Vasquez, MD, of Suncoast Medical Central Neurology.

16. On or about August 24, 2012, in reference to an office visit by Alan Workman, Dr. Vasquez stated in a letter to Dr. Cruz, "in all likelihood this patient has Parkinsonian Plus

Syndrome such as Progressive Supranuclear Palsy or Corticobasal Degeneration . . . we discussed that I do not see any evidence of a distinct neuromuscular disease such as Lou Gehrig's disease for which they were concerned of."

17. On or about April 24, 2013, Alan Workman had his initial consultation with movement disorder specialist, Dr. Theresa Zesiewicz, MD, at the James A. Haley Veterans' Hospital.

18. On or about July 24, 2013, Dr. Zesiewicz saw Alan Workman and recommended, "1. Neuropsych testing 2. Spect scan 3. Ataxia workup 4. Mental health/psychiatric counseling for possible hallucinations 5. Needs sleep study, ceruloplasmin"

19. On or about October 30, 2013, Dr. Zesiewicz concluded, "The patient has parkinsonism with cerebellar disorder, frontal lobe atrophy. He has ataxia and dysarthria."

20. On or about December 17, 2013, Dr. Cruz made some notes relating to Alan Workman's medical assessment up to this point, "Genetic studies were pending insurance approval . . . it was agreed that after two outside specialists, the Bay Pines neurology department had no additional input or treatment to offer Mr. Workman . . . however, if the genetic studies are completed and Tampa has any recommendations for us, they will be addressed."

21. On or about September 3, 2015, Alan Workman was admitted to hospice care with an admission diagnosis of MSA.

22. On or about September 25, 2015, Alan Workman died in hospice with a discharge diagnosis of MSA.

23. On or about September 21, 2016, through an independent private autopsy, Samantha Workman found out that Alan Workman died of ALS, but was misdiagnosed with MSA, which resulted in the improper treatment, denial of VA benefits, and an early death.

## CAUSES OF ACTION

### NEGLIGENCE

24. Plaintiff Workman realleges and reincorporates each and every allegation above as if fully set forth herein.

25. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

26. The Defendant breached its duty of care to Alan Workman.

27. The Defendant breached its duty to Alan Workman for failing to timely diagnose ALS, which resulted in improper treatment, denial of VA benefits, and an early death.

28. As a direct and proximate result of Defendant's negligence, Alan Workman sustained serious and permanent personal injuries in and about his body, resulting in an early death; he incurred medical expenses, and other damages; he was forced to endure pain, suffering, and mental anguish; he suffered a loss of the enjoyment of life.

29. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

30. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Workman, does hereby pray that judgement be entered in her favor and against the Defendant as follows:

1)  Pain and suffering, loss of enjoyment of life, loss of benefits totaling $5,000,000.00; and wrongful death totaling $5,000,000.00.

2)  Costs and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated this 14th day of December, 2017.

Respectfully submitted,

_____
JAMES A. WARDELL, ESQUIRE
Florida Bar No.: 0868061
WARDELL LAW FIRM, P.A.
805 W. Azeele Street
Tampa, FL 33606
Telephone: (813) 387-3333
Facsimile: (813) 387-3050
jwardell@jawlaw.net
joshboykin@jawlaw.net
kdaley@jawlaw.net
Attorney for Plaintiff